FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 13 2017
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MELANIE WATKINS AND DIANE STIVERS,**
**INDIVIDUALLY AND ON BEHALF**
**OF ALL OTHERS SIMILARLY SITUATED**               **PLAINTIFFS**

vs.                              No. 4:17-cv-233-BSM

**NICK COYLE**                                     **DEFENDANT**

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Melanie Watkins and Diane Stivers, individually and on behalf of all others similarly situated, by and through their attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action, do hereby state and allege as follows:

I.

### PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs Melanie Watkins and Diane Stivers, individually and on behalf of all others similarly situated, against Defendant Nick Coyle ("Defendant").

2. Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly

situated the overtime premium compensation for the hours in excess of forty hours in a single week that they were/are made to work.

3. This is a representative action under Section 216 of the FLSA, 29 U.S.C. § 216. Plaintiff is similarly situated to a larger group of employees who were not paid in accordance with the requirements of the FLSA.

4. The proposed Section 216 class is composed of all employees who are or were employed by Defendant as tax preparers within the United States, who, during the applicable time period, worked/work for Defendant and were/are denied their fundamental rights under applicable federal wage and hour laws.

5. The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiffs and the putative class members.

6. This is also a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is a member of a class of tax preparers who were deprived of wages in violation of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

II.

## THE PARTIES

7. Plaintiff Melanie Watkins is a resident and citizen of Lonoke County.

8. At all times relevant hereto, Plaintiff Watkins was paid an hourly wage for her work as a tax preparer for Defendant.

9. Plaintiff Watkins worked for Defendant within the three years preceding the filing of this lawsuit.

10. In most if not all workweeks, Plaintiff Watkins worked in excess of 40 hours.

11. Defendant failed to pay Plaintiff Watkins overtime premiums for all hours worked in excess of forty per week as required by law.

12. Plaintiff Diane Stivers is a resident and citizen of Lonoke County.

13. At all times relevant hereto, Plaintiff Stivers was paid an hourly wage for her work as a tax preparer for Defendant.

14. Plaintiff Stivers worked for Defendant within the three years preceding the filing of this lawsuit.

15. In most if not all workweeks, Plaintiff Stivers worked in excess of 40 hours.

16. Defendant failed to pay Plaintiff Stivers overtime premiums for all hours worked in excess of forty per week as required by law.

17. Defendant Nick Coyle is an individual, engaged in providing tax preparation services throughout the state of Arkansas.

18. Defendant is the district manager overseeing numerous tax preparation branches in the central Arkansas area, where he performs such duties as hiring and firing, determination of pay policy, training, and management of operations in each of the branches.

19. Defendant has annual gross revenues exceeding $500,000.00.

20. Defendant was at all times relevant hereto Plaintiffs' employer, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21. At all relevant times, Defendant had at least some employees who engaged in interstate commerce or in the production of goods for interstate commerce,

or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

22. Defendant's employees, including Plaintiffs and the putative class members, used the internet and telephone in furtherance of Defendant's business and also handled items such as money, computers, phones, and office supplies that had moved in interstate commerce.

III.

## JURISDICTION AND VENUE

23. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

24. This Complaint also alleges violations of the AMWA, which alleged violations arising out of the same set of operative facts as the FLSA action herein alleged; accordingly, this state cause of action would be expected to be tried with the FLSA claim in a single judicial proceeding.

25. Accordingly, this Court has supplemental jurisdiction over the additional AMWA claims pursuant to 28 U.S.C. § 1367(a).

26. Plaintiffs allege violations of the FLSA and the AMWA as a result of and while working at Defendants' premises in Lonoke, Arkansas.

27. The acts complained of herein were committed and had their principal effect against Plaintiff, as described more fully below, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.

## FACTUAL ALLEGATIONS

28. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

29. Plaintiffs were employees of Defendant within the three years preceding the filing of Plaintiff's Original Complaint—Collective Action.

30. Plaintiffs have been paid various rates of hourly pay.

31. Plaintiffs have always worked for Defendant in and around the city of Lonoke, sometimes traveling short distances for work in other branches.

32. Plaintiffs were employed by Defendants as tax preparers, including stints as Office Managers for Defendant's Lonoke branch.

33. Plaintiffs' primary duties as tax preparers were to help customers file their tax returns.

34. Defendant pays Plaintiffs and tax preparers an hourly rate.

35. Defendant tracked Plaintiffs hours worked using an electronic software system.

36. Upon information and belief, Defendant often discouraged the logging of overtime hours on the electronic software system.

37. Upon information and belief, when overtime is discouraged, managers do not concurrently discourage extra work, and in many instances, require extra work, leading to hours exceeding forty per week, for which tax preparers refrain from claiming on the electronic software system.

38. Plaintiffs worked over forty hours in most if not all workweeks.

39. Plaintiffs were paid 1.5 times their regular rate of pay for all reported, or "on-the-clock," hours he worked in excess of 40 in each workweek, but Plaintiffs were not paid for the time they worked for Defendant off-the-clock.

40. Plaintiffs regularly performed the off-the-clock work described above in workweeks in which Plaintiffs worked and reported forty or more hours of work performed while each Plaintiff was "clocked in."

41. In addition to non-scheduled overtime hours worked off-the-clock, Defendant required Plaintiffs to clock out for 30 minutes for every 6 hours worked.

42. Despite clocking out, Plaintiffs always worked through that 30 minute segment due to the presence and demands of clients.

43. Plaintiffs also spent off-the-clock hours taking necessary online training classes, preparing business plans for Defendant and preparing the store for tax preparation season.

44. As a result of Defendant's policies requiring off-the-clock work as described above, Plaintiffs worked hours in excess of forty per week for which they were not paid.

45. The off-the-clock worked described above was not insubstantial, often requiring more than 5 or more hours per week of work.

46. The off-the-clock work described above was for the benefit of and required by Defendant.

47. As a result of Defendant's policies and practices, in one or more weeks during Plaintiffs' employment, Defendant failed to pay each Plaintiff for her overtime hours worked at the rates required by the FLSA.

## V.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

49. All tax preparers, who may also have been referred to as Office Managers, Assistant Office Managers or an equivalent title, were subject to Defendant's standard policy or practice of discouraging overtime while not discouraging, but often requiring, certain work that, if accounted for, would result in overtime pay.

50. All tax preparers generally work at least forty hours per week for Defendant.

51. All tax preparers were paid a specific hourly rate by Defendant.

52. Upon information and belief, tax preparers performed the off-the-clock work described above at the direction of Defendant.

53. In at least one or more weeks during their employment within the three year prior to the filing of the Complaint herein, tax preparers performed the off-the-clock work described above in a week during which tax preparers also worked forty or more hours "on the clock."

54. Upon information and belief, the off-the-clock work described above performed by tax preparers was not insubstantial, often requiring five or more hours per week of work.

55. Tax preparers were not paid for their off-the-clock work.

56. The off-the-clock work described above was for the benefit of and required by Defendant.

57. The primary duties of tax preparers were to assist customers in filing tax returns.

58. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as tax preparers or equivalent positions who were, are, or will be employed by Defendant and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

59. Plaintiffs assert violations of the FLSA on behalf of a class of all persons who were employed by Defendant as tax preparers for Defendant's business from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

60. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds 50 persons.

61. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

62. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via, among other methods, first class mail to their last known physical and mailing addresses as soon as possible.

63. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable

FLSA collective action plaintiffs via email to their last known email address as soon as possible.

64. The cell phone numbers of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via text message as soon as possible.

65. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

(a) Defendant's uniform underpayment to them as tax preparers for Defendant's business under the FLSA; and

(b) Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

66. Plaintiffs bring his claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all tax preparers who were, are, or will be employed by Defendant in the State of Arkansas and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

67. Plaintiffs assert violations of the AMWA on behalf of a class of all persons who were employed by Defendant as tax preparers in the State of Arkansas for Defendant's business from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

68. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least twenty-five (25) but as many as one-hundred (100) putative class members have

worked for Defendant without appropriate pay, as described herein, during the applicable statutory period.

69. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

> (a) The compensability of Plaintiffs' and class members' time spent reviewing training materials and performing other work after the conclusion of the workday;
>
> (b) Whether Plaintiffs and members of the Class worked off the clock;
>
> (c) Whether Defendant has failed to pay Plaintiffs and members of the Class regular wages and overtime compensation for all of the hours over forty (40) each week;
>
> (d) Whether Defendant properly calculated the overtime pay owed to Plaintiff and members of the Class.

70. This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein. Like all Class members, Plaintiffs were injured by Defendant's policies and practices of failure to pay tax preparers for all the hours worked and failure to pay overtime premiums for all hours worked in excess of forty (40) per week.

71. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

72. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    (a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

    (b) Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    (c) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

73. Plaintiffs are aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither are Plaintiffs aware of any other litigation concerning this particular controversy.

74. Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

## VI.

## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA Overtime Wage Violations)

75. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

76. Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs one and one half times his regular rate for all hours worked in excess of forty hours per week during Plaintiffs' employment as described in this Complaint.

77. More often than not, each Plaintiff worked more than forty (40) hours per week without proper premium overtime pay.

78. Defendant deprived each Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

79. Defendant violated the FLSA by failing to pay overtime compensation to each Plaintiff. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

80. Defendant is and has been subject to the overtime pay requirements of the FLSA because it, as an enterprise, and its employees are engaged in commerce.

81. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

82. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

83. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

84. Alternatively, should the Court find that Defendant acted in good faith in failing to pay each Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.

### SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violations of the FLSA Overtime Provisions by Plaintiff and All Those Similarly Situated Class Members)

85. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

86. Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs and similarly situated members of the class one and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

87. Defendant required Plaintiffs and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class

members proper overtime premium compensation for all of the hours in excess of forty (40) in each workweek.

88. Defendant deprived Plaintiffs and the class members overtime premium compensation for all of the hours over forty (40) per week, in violation of the FLSA.

89. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

90. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' original complaint, plus periods of equitable tolling.

91. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

92. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

# VIII.

## THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the Arkansas Minimum Wage Act)

93. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

94. Defendant violated the Arkansas Minimum Wage Act Ark. Code Ann. § 11-4-201, *et seq* ("AMWA"), by failing to pay Plaintiffs the proper overtime payments required by the AMWA for all hours worked over 40 hours in a workweek.

95. Defendant has failed and refused to comply with the AMWA's wage requirements by failing to pay Plaintiffs one and one half times his regular rate for all hours worked in excess of forty hours per week during Plaintiffs' employment as described in this Complaint.

96. More often than not, Plaintiffs worked more than forty (40) hours per week without premium overtime pay.

97. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

98. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, including unpaid wages and reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint.

## IX.

## FOURTH CLAIM FOR RELIEF
## (Class Claim for Violation of the Arkansas Minimum Wage Act)

99. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

100. Defendant has failed and refused to comply with the AMWA's wage requirements by failing to pay Plaintiffs and all other members of the Rule 23 class one and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

101. Defendant required Plaintiffs and all other members of the Rule 23 class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime premium compensation for all of the hours in excess of forty (40) in each workweek.

102. Defendant deprived each Plaintiff and all other members of the Rule 23 class overtime premium compensation for all of the hours over forty (40) per week, in violation of the AMWA.

103. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

104. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the class members for monetary damages, including unpaid wages and reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' Original Complaint, plus periods of equitable tolling.

## X.

# **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs Melanie Watkins and Diane Stivers, individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a) That summons be issued and Defendant be required to appear and defend herein.

(b) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*;

(d) Judgment for damages for all unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e) Judgment for damages for all unpaid overtime and minimum wage compensation under the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g) Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled;

(h) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(i) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MELANIE WATKINS and DIANE STIVERS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Daniel Ford
Daniel Ford
Ark. Bar No. 2014162
Daniel@sanfordlawfirm.com

and

Josh Sanford
Ark. Bar No. 2001037
Josh@sanfordlawfirm.com